ROGER S. DIXON *v.* JOHN POSEY.

**Consideration.**

Where a sister, at the instance of her brother, left her home and went with him to another state, and while there performed valuable services for him, such services constitute a sufficient consideration to uphold a note executed to such sister by the brother.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 1, 1879.

OPINION BY JUDGE ELLIOTT:

In the autumn of 1871, Dr. R. S. Dixon, the appellant, a resident of Indiana, came to Henderson, Kentucky, the home of his sister, Sue B. Dixon, and solicited her to accompany him to his house in the state aforesaid and assist in its care and management, he having before that lost his wife by disease and death.

His sister accompanied him to his home and became his housekeeper, and remained with him and discharged all the duties pertaining to the household, such as cooking, laundry, labors, and such other employments as pertained to her position as housekeeper, until the 12th of March, 1872, when she began her return journey to her home in Kentucky.

As may be presumed, her brother appreciating her valuable services and animated by a brother's generous nature and love for a sister, voluntarily executed and delivered to her his note for $500. His sister having returned to Kentucky and won the heart of a youthful Posey, became his wife and concluded to invest the note on her loving brother in a small tract of land as the foundation of the fortune that she hoped would be hers in the future.

Her assignee, John Posey, being refused payment of the note by the appellant, brought this action and attached his lands in Hender-

son for its payment. Appellant appeared to the action, and for answer admitted the execution of the note, but said that a big drunk with which he was then afflicted prevented the full operation of his mental machinery, and that in fact he did not understand the effect of his act in the execution and delivery of the note to his sister, and as· a distinct allegation and defense he relied on the fact that the note was without any consideration to support it.

On these issues the parties went to trial, and although the appellant proved tnat drunkenness was his usual habit, and sobriety the exception, the jury on proper instructions found for the appellee, on which verdict judgment was rendered, from which Dr. Dixon has appealed.

The grounds on which he asks a reversal is that the note was executed without a sufficient consideration. In fact, at the close of the evidence the appellant asked the court to instruct the jury that if they believed from the evidence that the note was executed without consideration they should find for him. This instruction was properly refused. The trip of appellant's sister to Indiana at his solicitation was a sufficient consideration to uphold the contract evidenced by the note, especially when she remained and performed services for him from the autumn of 1871 to March 12, 1872.

We do not decide that the kinship of the parties was sufficient to uphold the executory contract sued on. But when, as in this case, a sister has left her home at her brother's solicitation and gone with him to another state, and while there performed valuable services, constitutes a sufficient consideration to uphold a note executed to such sister.

Wherefore the judgment is *affirmed.*

*Ball & Eaves, Wm. Lindsay, for appellant.*

*J. R. Dabney, M. Yeoman, for appellee.*